```
          IN THE UNITED STATES DISTRICT COURT FOR
        THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                                *
TOM HICKEY,
                                *
     Plaintiff,
v.                              *     CIVIL NO.: WDQ-04-3324

GENERAL MOTORS CORPORATION,     *

                                *
     Defendant.
*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION AND ORDER

Tom Hickey has sued General Motors Corporation ("GM"), alleging violations of the Magnuson-Moss Warranty--Federal Trade Commission Improvement Act ("Magnuson-Moss Warranty Act"),[1] the Maryland Automotive Warranty Enforcement Act ("Maryland's Lemon Law"),[2] and the Maryland Consumer Protection Act.[3] Pending are GM's motions for summary judgment and to strike Exhibit 1 to Hickey's Response to its motion for summary judgment.  For the reasons discussed below, the motions will be granted.

BACKGROUND

---

[1] 15 U.S.C. §§ 2301 *et seq.* (2005).

[2] MD. CODE ANN., COM. LAW II §§ 14-1501 *et seq.* (2000 & 2004 Supp.).

[3] MD. CODE ANN., COM. LAW II §§ 13-101 *et seq.* (2000 & 2004 Supp.).

On September 22, 2003, Tom Hickey purchased a new 2003 Hummer H2, manufactured and warranted by GM. Compl. at ¶ 3; Ex. A to Compl. (sales agreement). On February 23, 2004, Hickey returned the vehicle to the dealership's repair shop to address leaks around the windshield and from a sunroof that had been installed aftermarket. Ex. B to Compl. (repair invoice). The next month, Hickey had another water leak near the top part of the head liner and around the windshield, which the repair shop attempted to repair on March 12, 2004. Ex. C to Compl. (repair invoice). When the roof continued to leak water, Hickey returned the vehicle to the repair shop on March 24, 2004. Ex. D to Compl. (repair invoice). Hickey returned the vehicle to the repair shop once more on June 9, 2004, complaining of continued water leaks. Ex. E to Compl. (repair invoice).

## STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine issue as to any material fact, and the moving party is entitled to summary judgment as a matter of law. In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986), the Supreme Court explained that, in considering a motion for summary judgment, "the judge's function is not . . . to weigh the evidence and

determine the truth of the matter but to determine whether there is a genuine issue for trial."  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.* at 248.  Thus, "the judge must ask . . . whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented."  *Id.* at 252.

In undertaking this inquiry, a court must view the facts and the reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), but the opponent must produce evidence upon which a reasonable fact finder could rely.  *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986).  The mere existence of a "scintilla" of evidence in support of the nonmoving party's case is not sufficient to preclude an order granting summary judgment.  *Anderson*, 477 U.S. at 252.

## ANALYSIS

Section 2304(a)(4) of the Magnuson-Moss Warranty Act provides that when a product "(or component part thereof) contains a defect or malfunction after a reasonable number of attempts by the warrantor to remedy defects or malfunctions in such product, such warrantor must permit the consumer to elect

3

either a refund for, or replacement without charge of, such product or part (as the case may be)."

To prevail on a Magnuson-Moss Warranty Act claim, Hickey must establish that: (1) his vehicle has a defect in parts or workmanship; (2) GM was not able to remedy the defect in a reasonable amount of time; and (3) he suffered economic harm as a result. *Teerling v. Fleetwood Motor Homes of Indiana, Inc.*, 2001 U.S. Dist. LEXIS 7481, *12 (N.D. Ill. 2001) (*citing* 15 U.S.C. §§ 2304(a)(4), 2310(d); *Jones v. Fleetwood Motor Homes*, 127 F. Supp. 2d 958, 963 (N.D. Ill. 2000)).

Hickey asserts that although GM endeavored to comply with its warranties by attempting to repair his vehicle, he is entitled to a refund of the vehicle's purchase price because the attempted repairs have been ineffective. To support his claim, Hickey has proffered only an unsigned letter dated March 24, 2005, from Jeffrey T. Taylor to Hickey's attorney, in which Taylor stated that the leak from Hickey's aftermarket sunroof caused stains and odor in the vehicle, and could lead to other problems. Pl.'s Ex. 1 (unsigned letter). As a result, Taylor opined, the value of the vehicle has been compromised. *Id.* The letter does not indicate whether Taylor is an automotive expert or otherwise provide an explanation of his qualifications for inspecting vehicles.

4

Taylor's letter must be stricken because:

> unsworn, unauthenticated documents cannot be considered on a motion for summary judgment. To be admissible at the summary judgment stage, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e). In particular, a letter must be attached to an affidavit and authenticated by its author in the affidavit or a deposition.

*Orsi v. Kirkwood*, 999 F.2d 86, 91 (4th Cir. 1993) (internal citations omitted).

In support of its motion for summary judgment, GM submitted the report and affidavit of its automotive expert, David Hurt, Jr. Hurt performed a comprehensive examination of Hickey's vehicle on January 4, 2005, which included exposing it to highly pressurized water for an extended period of time, and found no evidence of leaks or other defects. *See generally*, Hurt Aff.; Def.'s Rule 26(a)(2) Disclosure. Hurt concluded, therefore, that "[a]ny defects in material or workmanship that may have existed in the vehicle were properly corrected by the service technicians conducting repairs under warranty." Hurt Aff. at ¶ 11. Because it is undisputed that GM corrected any defect in Hickey's vehicle within a reasonable amount of time, his Magnuson-Moss Warranty Act claim must fail.

Maryland's Lemon Law requires a vehicle manufacturer to

refund the purchase price of a vehicle, "under certain circumstances, if the manufacturer or its agents have attempted unsuccessfully to cure a particular defect four or more times." *Hardy v. Winnebago Indus., Inc.*, 120 Md. App. 261, 274 (1998) (*citing* MD. CODE ANN., COM. LAW II §§ 14-1502(c) and (d)(1)).  As it is undisputed that GM cured any defect that may have existed in Hickey's vehicle within four attempts, his Lemon Law claim also fails.  Hickey's Maryland Consumer Protection Act claim fails for the same reason.  *See id.* at 279-80 (requiring evidence that defect was not timely cured when warranty was used as basis of unfair and deceptive trade practice claim).

## CONCLUSION

For the reasons discussed above, GM's motions for summary judgment and to strike Exhibit 1 to Hickey's Response to its motion for summary judgment will be granted.

<u>July 28, 2005    </u>                    <u>        /s/            </u>
Date                              William D. Quarles, Jr.
                                  United States District Judge